■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LORETTA CHANCE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 10, 1970, convicting her of criminal possession of a dangerous drug in the first degree, upon a jury verdict, and

imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below have been affirmed. The prosecutor's references in his opening statement, during the trial and in his summation to defendant's selling of narcotics and engaging in the narcotics business, when the crime charged was possession, substantially prejudiced defendant. This requires reversal (*People* v. *Smith*, 26 N Y 2d 913; *People* v. *Childers*, 28 A D 2d 725; *People* v. *Christie*, 16 A D 2d 598). Prosecutors may not shift base after indictment and seek conviction for criminal possession of narcotics on the basis of arguments to the jury that the defendant so charged was engaged in selling narcotics. The other grounds for reversal urged by defendant, as to failure of proof of possession beyond a reasonable doubt, improper denial of a motion to controvert the search warrant and prejudicial error in permitting the trial to proceed on the basis of an instruction to the jury to draw no inference from the removal of the codefendant from the trial after he had pleaded guilty during the trial, are all without merit. Rabin, P. J., Munder, Shapiro, Christ and Brennan, JJ., concur.